IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CHARITY TONEY and ROBERT GRIMES, individually, and on behalf of others similarly situated, </br></br> Plaintiffs, </br> v. </br></br> B&G FOODS, INC. and B&G FOODS SNACKS, INC., </br></br> Defendants. | ) ) ) ) ) 1:20CV37 ) ) ) ) ) ) ) ) |

## ORDER GRANTING FINAL APPROVAL OF SETTLEMENT

Plaintiffs Robert Grimes and Charity Toney's ("Plaintiffs") Unopposed Motion for Final Approval of Collective and Class Action Settlement and Approval of Attorneys' Fees, Litigation and Administrative Costs, and Incentive Award (the "Final Approval Motion") was heard by this Court on July 22, 2022. The Court, having considered the Joint Stipulation of Settlement ("Settlement"), Final Approval Motion, supporting papers, and the parties' evidence and argument, and good cause appearing, hereby grants final approval of the Settlement and enters final judgment. Capitalized terms in this Final Approval Order shall have the definitions set forth in the Settlement.

IT IS HEREBY ORDERED:

1. Pursuant to this Court's Preliminary Approval Order, the notices were mailed to each Collective and Class Member. The notices informed Collective and

Class Members of the terms of the Settlement, their right to submit consent forms, their right to be excluded from the Settlement and pursue their own remedies, their right to object to the Settlement, and their right to appear in person or by counsel at the Final Approval Hearing and be heard regarding approval of the Settlement. (Decl. of Christina Fowler (July 5, 2022) [Doc. #66-2]; Ex. A to Decl. of Fowler, Collective Notice [Doc. #66-3]; Ex. B to Decl. of Fowler, Hybrid Notice [Doc. #66-4].) The Court finds that Collective and Class Members were afforded adequate time for each of these procedures.

2. The Court finds and determines that this notice procedure afforded adequate protections to Collective and Class Members. The Court further finds and determines that the notices and the notice procedures were the best notice practicable and satisfied the requirements of the law and due process. (See Decl. of Fowler ¶¶ 4-9 (notice procedures), ¶ 11 (reporting 92 valid consents to join the FLSA Settlement), ¶ 14 (reporting one request to be excluded from the NCWHA Settlement); Exs. A & B to Decl. of Fowler; Ex. C to Decl. of Fowler, Settlement Administrator Weekly Report [Doc. #66-5]; Consents to Join [Docs. #68, 68-1].) Accordingly, Collective and Class Members' responses to the notices provide the basis for the Court to make an informed decision regarding approval of the Settlement.

3. No Collective or Class Member filed written objections to the proposed Settlement as part of this notice process or stated an intent to appear

2

and object at the Final Approval Hearing and none appeared at the hearing. In addition, no Collective or Class Member disputed their estimated share of the Settlement Fund as noted in each Notice. (See Decl. of Fowler ¶¶ 15-16; Ex. C to Decl. of Fowler.)

4. The Court finds and determines that not only is the Settlement a "fair and reasonable compromise of disputed claims and issues arising from a bona fide dispute raised pursuant to the FLSA ", Kirkpatrick v. Cardinal Innovations Healthcare Solutions, 352 F. Supp. 3d 499, 502 (M.D.N.C. 2018) (citing Lynn's Food Stores, Inc v. United States, 679 F.2d 1350, 1353-54 (11th Cir. 1982)), but its terms are fair, reasonable, and adequate to Collective and Class Members, In re: Lumber Liquidators, 952 F.3d 471, 484 (4th Cir. 2020). Prior to settlement, the parties participated in formal and informal discovery involving the exchange of a significant volume of documents, including Defendant's wage and hour policies and its extensive payroll and timekeeping data for the Collective and Class Members which Class Counsel used to prepare a comprehensive damage model. Class Counsel also interviewed Plaintiffs, researched and investigated the claims, and engaged in lengthy discussions with Defense counsel on contested issues. Thus, when the parties participated in a day-long mediation with an experienced mediator, Class Counsel were well aware of the strengths and weaknesses of the claims. (Decl. of Jason T. Brown ¶¶ 8-11, 19 (July 5, 2022) [Doc. #67].) In part, this awareness stemmed from Class Counsel's experience in wage and hour class

3

actions. They have litigated and settled wage and hour collective and class actions nationwide. (Ex. A to Decl. of Brown, Firm Resume [Doc. #67-1].) Here, they negotiated a $244,000 Settlement Fund despite various contested issues and asserted defenses. (Decl. of Brown ¶¶ 11, 12, 20, 21.) The total average recovery for each Participating Collective Member is $276.51, and the total highest recovery is approximately $428.53. The total average recovery for each Participating Class Member is $198.83, and the total highest recovery is approximately $393.73. (Decl. of Fowler ¶ 13.)

5. The Court finds and determines that Participating Collective and Class Members will be bound by the Settlement, that the Settlement is finally approved, and that all terms and provisions of the Settlement should, and hereby are ordered to, be consummated.

6. The Court finds and determines that the settlement payments to be paid to Participating Collective and Class Members are fair, reasonable, and adequate. The Court hereby orders that payment of those amounts be made to Participating Collective Members and Participating Class Members out of the Net Settlement Amount in accordance with the terms of the Settlement.

7. The Court hereby grants final approval of Attorneys' Fees and Lawsuit Costs to Collective and Class Counsel in the total amount of $97,600.00 in attorneys' fees and $12,119.59 in litigation expenses, to be paid in accordance with the Settlement. Class Counsel's attorneys' fees equate to 40% of the

4

Settlement Fund. A lodestar cross-check using the 570 hours Class Counsel expended pursuing this action, (Ex. B to Decl. of Brown, Lodestar Report), leads to a blended hourly rate of $170.60, which is well below the hourly rate to which Class Counsel believe they could prove entitlement based on their experience and qualifications, (Decl. of Brown ¶ 28). This cross-check, as well as the applicable factors from Barber v. Kimbrell's, Inc., 577 F.2d 216, 226 (4th Cir. 1978), support the reasonableness of the fee award. Class Counsel also submitted evidence supporting their requested litigation expenses. (Exs. C & D to Decl. of Brown [Docs. #67-3, 67-4].)

8. The Court approves the proposed $2,000 Incentive Award to Class Representative Robert Grimes and the $1,000 payment to Charity Toney.

9. The Court approves $9,200.00 in administration costs to Simpluris, Inc. for administering the settlement.

10. The proposed Settlement Class satisfies the requirements of Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure: the class appears to be so numerous that joinder of all members is impracticable, there appear to be questions of law or fact common to the class, Plaintiff Robert Grimes's claims appear to be typical of the claims being resolved through the proposed settlement, it appears that he will fairly and adequately protect the class's interests, common questions of law and fact appear to predominate over questions affecting only individual persons in the class such that the class appears

to be sufficiently cohesive to warrant settlement by representation, and certification of the class appears to be superior to other available methods for the fair and efficient resolution of the claims of the class.

11. Accordingly, the Court hereby finally certifies the following Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only, in accordance with the terms of the Settlement:

> All current and former hourly production workers employed and paid wages directly by B&G Foods Snacks, Inc. at the Yadkinville facility during any time from June 21, 2017 through May 15, 2020.

12. The Court also hereby finally certifies the following Settlement Collective pursuant to 29 U.S.C. § 216(b) for a group of similarly situated individuals, for the purpose of settlement only, in accordance with the terms of the Settlement Agreement:

> All current and former hourly production workers employed and paid wages directly by B&G Foods Snacks, Inc. at the Yadkinville facility during any time from January 28, 2017 through May 15, 2020.

13. As of the Effective Date of the Settlement, Participating Collective Members shall be deemed to have, and by the filing of their consent forms and by operation of this Final Approval Order and the final judgment entered in connection with this Final Approval Order shall have, opted into this Lawsuit/Settlement for purposes of the Fair Labor Standards Act (FLSA) and shall be deemed to have fully and irrevocably released and forever discharged the

released parties from all FLSA released claims, as more fully set forth in the Settlement.

14. As of the Effective Date of the Stipulation of Settlement, Participating Class Members shall be deemed to have, and by operation of this Final Approval Order and the final judgment entered in connection with this Final Approval Order shall have, fully and irrevocably released and forever discharged the released parties from all Non-FLSA released claims, as more fully set forth in the Settlement.

15. The Clerk shall enter final judgment consistent with this Final Approval Order.

16. Without affecting the finality of this Final Approval Order in any way, the terms of the Settlement are incorporated herein by reference and the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this Final Approval Order and the Settlement.

17. The Parties are hereby ordered to comply with the terms of the Settlement.

This the 25th day of July, 2022.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge
